IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BEVERLY GLASSCOCK                                                                    PLAINTIFF

v.                                        CIVIL NO. 10-5230

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Beverly Glasscock, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on February 18, 2004, alleging an inability to work since December 31, 2001,[1] due to neck, back, hip and leg pain,

---

[1] The Court notes that in the July 30, 2010, unfavorable decision, the ALJ found Plaintiff's alleged onset date to be February 23, 2004. (Tr. 418). There is no indication in the record that Plaintiff amended her onset date from December 31, 2001.

-1-

migraine headaches, hypertension and asthma/possible chronic obstructive pulmonary disease (COPD). (Tr. 50-52, 353-355). For DIB purposes, Plaintiff maintained insured status through December 31, 2006. (Tr. 418). An administrative hearing was held on March 14, 2006, at which Plaintiff appeared with counsel and testified. (Tr. 372-414).

In a written decision dated September 13, 2006, the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations. (Tr. 10-17). The Appeals Council declined review of the ALJ's decision on May 5, 2008. (Tr. 3-6).

Plaintiff appealed the ALJ's September 13, 2006 decision to this Court. In a decision dated August 13, 2009, this Court remanded the case back to the Commissioner to further develop the record, and to re-evaluate Plaintiff's impairments. (Tr. 436-443). The Appeals Council vacated the ALJ's decision, and remanded Plaintiff's case back to the ALJ on August 23, 2009. (Tr. 446). A supplemental administrative hearing was held on May 17, 2010. (Tr. 511-533). Plaintiff appeared with counsel and testified.

By written decision dated July 30, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 420). Specifically, the ALJ found Plaintiff had the following severe impairments: a disorder of the back and asthma. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 421). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> occasionally lift and/or carry 10 pounds and frequently less than 10 pounds. She can sit for 6 hours and can stand and/or walk for 2 hours. She can occasionally climb, balance, kneel, crouch, and stoop. She must avoid concentrated exposure

to fumes, odors, dusts, gases, and poor ventilation. She must avoid hazards including no driving, unprotected heights, and moving machinery.

(Tr. 421). With the help of a vocational expert, the ALJ determined Plaintiff could perform the requirements of a representative of occupations in production work, such as bench final assembly and a bench hand. (Tr. 425).

Plaintiff now seeks judicial review of that decision. (Doc. 1). Both parties filed appeal briefs, and this case is before the undersigned pursuant to the consent of the parties. (Docs. 3,5,6).

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

AO72A
(Rev. 8/82)

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

What causes the Court concern is the fact that it does not appear that the ALJ complied with the remand orders issued by Magistrate Judge James Marschewski.

**A. Remand Order:**

In Judge Marschewski's Memorandum Opinion, dated August 13, 2009, he remanded the matter in order for the record to be more fully developed regarding Plaintiff's physical RFC. Judge Marschewski noted the following:

> The record reflects after complaining a [sic] chronic back pain plaintiff was scheduled for an MRI on March 9, 2005, that revealed a prior anterior fusion at L5-S1 with widely patent central and lateral canals; a shallow left foraminal disk displacement at L3-4; and no high-grade focal disk protrusions or critical canal stenosis in the lumbar or visualized lower thoracic or upper sacral segments. (Tr. 260-265). The radiologist also included supplements on retrospinal soft tissue edema and piriformis syndrome[2] to be considered by plaintiff's treating doctor when reviewing plaintiff's MRI results. There is no indication that plaintiff's treating physician reviewed the MRI in conjunction with the supplements or opined as to what limitations may be imposed on plaintiff due to the MRI results. In June of 2005, the emergency room physician noted plaintiff had undergone a MRI and that she was to see a specialist for a review of the results. (Tr. 256). There is no evidence reflecting that a specialist reviewed these findings. As this MRI was performed after the non-examining medical consultants completed their RFC assessments it appears no physician reviewed the MRI results in conjunction with the supplements and opined as to what limitations plaintiff might have regarding her back.

(Tr. 441-442). Judge Marschewski then directed:

> On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff - - including, Dr. Cyril A. Raben and Dr. Kevin Richter - - asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period.

(Tr. 442). The record reveals that interrogatories were sent to both Dr. Raben and Dr. Richter, and that each physician indicated that he did not complete medical source statements. (Tr. 422,

---

[2] Piriformis syndrome is a rare cause of lower back pain and sciatica secondary to sciatic nerve entrapment at the greater sciatic notch. It is usually caused by an abnormal condition of the piriformis muscle, such as hypertrophy, inflammation, or anatomic variations. (Tr. 262).

487-504). Plaintiff also underwent a consultative general physical examination on December 28, 2009 wherein, Dr. Tad Michael Morgan diagnosed Plaintiff with chronic back pain, post surgical fusion; chronic neck pain, post trauma; and trigeminal neuralgia of the right side by history. (Tr. 509). Dr. Morgan opined that Plaintiff had moderate limitations in walking, standing, sitting, lifting, carrying and seeing.

What is troubling to the undersigned is that the record fails to show that a treating or examining physician reviewed the March of 2005 Lumbar Spine MRI results, in conjunction with examining Plaintiff, prior to opining as to Plaintiff's ability to function in the workplace. In fact, the only assessment of Plaintiff's capabilities dated after this MRI is Dr. Morgan's examination notes wherein he opined that Plaintiff had moderate limitations in walking, standing, sitting, lifting, carrying and seeing. There is no indication that Dr. Morgan reviewed the March of 2005 Lumbar Spine MRI results. Furthermore, Dr. Morgan did not complete a RFC assessment opining as to Plaintiff's abilities to function in the workplace during the relevant time period. The Court believes this matter should be remanded in order for the ALJ to obtain a completed RFC assessment, for the relevant time period, from an examining medical professional who has also reviewed Plaintiff's medical records, specifically Plaintiff's March of 2005 Lumbar Spine MRI.

## V.    Conclusion:

In light of the foregoing, the undersigned concludes that the ALJ's decision is not supported by substantial evidence, and that this matter should be remanded in order for the ALJ to: obtain a completed RFC assessment, for the relevant time period, from an examining medical professional who has also reviewed Plaintiff's medical records, specifically Plaintiff's

March of 2005 Lumbar Spine MRI. Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of March 2012.

                                            /s/ *Erin L. Setser*
                                            HON. ERIN L. SETSER
                                            UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)